UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13-cr-00119-GMN-GWF |
| | ) | |
| vs. | ) | **FINDINGS & RECOMMENDATIONS** |
| | ) | |
| MOHAMMED BELAYET HOSSAIN | ) | **Motion to Dismiss Indictment (#29)** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Mohammed Belayet Hossain's Motion to Dismiss Indictment for Failure to State an Offense (#29), filed on January 3, 2014. The Government filed its Response (#37) on January 21, 2014. Defendant filed his Reply (#38) on January 27, 2014. The Court originally set a hearing on this motion for February 5, 2014. The hearing was continued pursuant to stipulations by the parties until June 19, 2014.

**BACKGROUND**

The indictment alleges that Defendant Mohammed Belayet Hossain committed bank fraud in violation of 18 U.S.C. § 1344, by fraudulently inducing Wells Fargo Bank to approve the "short sale" of his single family residence located at 6855 Casa Linda Drive, Las Vegas, Nevada to a "straw buyer." The indictment states that "[a] 'short sale' is a loan modification involving the sale of real estate in which the sales proceeds fall short of the balance due on the home loans which are secured by liens against the property. Generally, the property owner cannot afford to repay the full amount of the liens and the lien holders agree to release their liens on the real estate and accept less than the full amount owed on the debt." *Indictment (#1)*, ¶ 2. The indictment

states that "[m]ost creditors require the borrower to prove an economic or financial hardship which prevents them from being able to pay the original debt and any loan deficiency and to agree to certain terms about the sale of the property." ¶ 3. The indictment defines a "straw buyer" as an individual who allows residential real estate to be purchased in his or her name in order to facilitate the acquisition of property for another person and to conceal the identity of the true purchaser from the lender.  ¶ 1.

The indictment alleges that Defendant Hossain "did execute a scheme and artifice (a) to defraud Wells Fargo Bank, a financial institution insured by the Federal Deposit Insurance Corporation (FDIC) and (b) to obtain moneys, funds, credits, assets, securities, or other property owned by or under the control of Wells Fargo Bank, by means of materially false or fraudulent pretenses, representations, or promises."  ¶ 4. The indictment further alleges that:

> a. Defendant solicited MR, a business associate, and BSA, a relative, to be straw buyers for the residence.
>
> b. On or about November 9, 2009, defendant Hossian and MR made the following material misrepresentations in the Short Sale Contract Addendum for the residence:
>
>> (1.) The short sale would be an "Arms Length Transaction;"
>>
>> (2.) The short sale would "be between two unrelated parties" and that "[n]o party to [the] contract is a family member, business associate, or shares a business interest with the mortgagor (Sellers);
>>
>> (3.) There were no "agreements written or implied that will allow the Seller to remain in the property as renters or regain ownership of said property at anytime after the execution of this Short Sell transaction:," and
>>
>> (4.) The short sale would "not constitute . . . straw buying."
>
> c. On or about February 16, 2010, MR and BSA opened a Bank of America joint checking account in their own names for the purpose of making mortgage payments on residence after the short sale was completed.
>
> d. On November 7, 2011, BSA purchased the residence with the financial assistance of defendant Hossain.

*Indictment*, ¶ 5.

. . .

In its response to the motion to dismiss, the Government asserts that prior to the short sale, Defendant Hossain owed approximately $277,000 on loans secured by deeds of trust on the subject residence. After Defendant submitted a letter of financial hardship to the lender and the property went into foreclosure, Wells Fargo approved the short sale of the property to MR for $125,000. $100,000 of the purchase price was financed through a loan that MR obtained from Bank of America. The Government alleges that after the short sale was completed, Defendant Hossain paid off the note to Bank of America and that Defendant, his son BSA and their families have resided in the residence since that time. *Government's Response (#37), pgs. 3-4.*

## DISCUSSION

Defendant Hossain argues that the indictment fails to state an offense and must therefore be dismissed. In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014), citing *United States v. Boren*, 278 F.3d 911, 913 (9th Cir. 2003). The court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.* A motion to dismiss an indictment cannot be used as a device for summary trial of the evidence, and the court should not consider evidence not appearing on the face of the indictment. *United States v. Boren*, 278 F.3d at 914, citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1995).

In *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979), the court stated that "the very purpose of the requirement that a man be indicted by a grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Id.*, citing *Russell v. United States*, 369 U.S. 749, 771, 82 S.Ct. 1038, (1962). "Pursuant to this purpose, an indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge. To perform these functions, the indictment must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the

accused of the specific offense with which he is charged." *Id.* (citations omitted). "[A]n indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of an indictment." *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005), quoting *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999).

An indictment should be (1) read as a whole, (2) read to include facts that are necessarily implied, and (3) construed according to common sense. *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993). An indictment, however, need not explain all factual evidence to be proved at trial. *Id.*, at 1476, citing *United States v. Marklee*, 425 F.2d 1043, 1047 (9th Cir.), *cert. denied*, 400 U.S. 847, 91 S.Ct. 93 (1070).[1]

Defendant is charged with bank fraud under 18 U.S.C. § 1344 which states as follows:

> Whosoever knowingly executes, or attempts to execute, a scheme or artifice---
>
> (1) to defraud a financial institution; or
>
> (2) obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $1,000,000 or imprisoned for more than 30 years, or both.

"Materiality of falsehood is an element of § 1344(1)." *United States v. Omer*, 395 F.3d at 1088, citing *Neder v. United States*, 527 U.S. 1, 22-23 119 S.Ct. 1827 (1999). "Thus, materiality of the scheme is an essential element of bank fraud in violation of 18 U.S.C. § 1344(1)." *Id.*, at 1089. *Omer* further states that "[i]t is the materiality of the scheme or artifice that must be alleged; the materiality of a specific statement need not be pleaded." The court, quoting *United*

---

[1] Defendant has suggested that the court incorporate or look to the requirements for pleading a civil claim for relief set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2006) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009). While similar, the pleading requirements for a civil complaint and a criminal indictment are distinct and governed by different rules. There is a well established body of federal case law regarding the requirements of an adequate indictment which this court is, of course, obligated to follow.

*States v. Woods*, 335 F.3d 993, 998 (9th Cir. 2003), further stated that the fraudulent nature of the scheme or artifice to defraud is measured by a non-technical standard: "Thus, schemes are condemned which are contrary to public policy or which fail to measure up to the reflection of moral uprightness, of fundamental honesty, fair play and right dealing in the general and business life of society." *Omer*, 395 F.3d at 1089.

The indictment in this case alleges that Defendant "did execute a scheme and artifice (a) to defraud Wells Fargo Bank . . . by means of *materially* false or fraudulent pretenses, representations, or promises." ¶ 4 (emphasis added). It further alleges that Defendant Hossian and MR made *material* misrepresentations to Wells Fargo about the nature of the proposed short sale agreement. ¶ 5 (emphasis added). These allegations meet the pleading requirements set forth in *Cecil*, *supra*. The indictment also satisfies the requirement that it allege the materiality of the scheme or artifice to defraud. An act is material if it "had a natural tendency to influence, or was capable of influencing, the decisionmaker or decision making body to which it was directed." *See* 9th Cir. Crim. Jury Instr. 8.127. *See also United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) (stating this instruction is the preferred common law test for materiality in false statement statutes).

In 2013, the Nevada Legislature enacted Nevada Revised Statute (NRS) 107.140 which now provides:

> 1. No provision of the laws of this State may be construed to require a sale in lieu of a foreclosure to be an arm's length transaction or to prohibit a sale in lieu of foreclosure that is not an arm's length transaction.

Defendant argues that this statute should bar the prosecution in this case because the Nevada Legislature has declared that sales in lieu of foreclosure that are not arm's length transactions, do not violate Nevada public policy. At the time that Defendant and MR allegedly executed the Short Sale Contract Addendum in November 2009, NRS 107.140.1 had not been enacted. Nor was it in effect in November 2011 when the short sale transaction was allegedly completed. It is reasonable to infer from the indictment that Wells Fargo Bank required the prospective seller and buyer to make the representations in the Short Sale Contract Addendum. If

Defendant believed that the proposed short sale should be approved even though it was not an arm's length transaction, then the appropriate course of action would have been to request Wells Fargo to remove that requirement as a condition to approving the short sale. Defendant was not entitled to misrepresent that the proposed short sale was an arm's length transaction which is what the indictment accuses him of doing.

Defendant also argues that the rule of lenity requires that the indictment be dismissed. The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them. *United States v. Nader*, 542 F.3d 713, 721 (9th Cir. 2008), citing *United States v. Santos*, 553 U.S. 507, 128 S.Ct. 2020, 2025 (2008). The rule is rooted in the fundamental principle that no individual should be forced to speculate, at peril of indictment, whether his conduct is prohibited. *Nader*, at 721, citing *Dunn v. United States*, 442 U.S. 100, 112, 99 S.Ct. 2190 (1979). The rule of lenity applies only where "after seizing every thing from which aid can be derived, the Court is left with an ambiguous statute." *Id.*, quoting *Smith v. United States*, 508 U.S. 223, 239, 113 S.Ct. 2050 (1993). The language of the statute must be "grievously ambiguous." *Id.*, citing *United States v. Devorkin*, 159 F.3d 465, 469 (9th Cir. 1998).

18 U.S.C. § 1344 makes it a crime to (1) defraud a financial institution or (2) obtain any of the moneys, funds, credits, assets, securities, or other property from a financial institution by means of false or fraudulent pretenses, representations, or promises. At trial, the Government will be required to prove the Defendant Hossain misrepresented the nature of the proposed short sale to Wells Fargo Bank in order to induce it to approve the sale. An individual in Defendant's alleged position is not forced to speculate whether § 1344 prohibits such conduct. It clearly does. The indictment therefore does not run afoul of the rule of lenity.

## **CONCLUSION**

The indictment in this case properly charges the Defendant with bank fraud in violation of 18 U.S.C. § 1344 based on Defendant's alleged material misrepresentations to the lender regarding the proposed short sale between himself and MR. Accordingly,

. . .

. . .

**RECOMMENDATION**

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss Indictment for Failure to State an Offense (#29) be **denied**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 23rd day of June, 2014.

*/s/ George Foley, Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge